**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Nintendo of America Inc., a Washington Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Jacob Mathias and Cristian Mathias, husband and wife; Mathias Designs, L.L.C. d/b/a www.LoveROMs.com and www.LoveRETRO.co,<br><br>Defendants. | Case No. 2:18-cv-02282-PHX-JGZ<br><br>**ORDER AND PERMANENT INJUNCTION** |

WHEREAS, Plaintiff Nintendo of America Inc. is a Washington corporation headquartered in Redmond, Washington, and is a wholly-owned subsidiary of Nintendo Co. Ltd. ("NCL"), a Japanese company headquartered in Kyoto, Japan (collectively, Nintendo and NCL are referred to herein as "Nintendo");

WHEREAS, Nintendo and its authorized licensees have created and published many popular video games specifically and exclusively for play on Nintendo video game systems and handheld and mobile devices, referred to as "Nintendo games";

WHEREAS, Nintendo holds exclusive copyright and trademark rights in and to various Nintendo games, Nintendo video game systems, and video game characters, including, without limitation, those copyrights and trademarks listed on Exhibits A and B of Nintendo's Complaint in this action;

1    WHEREAS, Defendants Jacob Mathias and Cristian Mathias, husband and wife, and Mathias Designs, L.L.C. (collectively "Defendants") own and operate two interrelated websites—www.LoveROMs.com and www.LoveRETRO.co (together the "Websites")—through which Defendants reproduce, distribute, publicly perform, and display a vast number of unauthorized copies of Nintendo games and other of Nintendo's copyrighted content, all without Nintendo's permission;

WHEREAS, Plaintiffs commenced this action by asserting claims of copyright and trademark infringement and unfair competition against Defendants;

WHEREAS, Defendants acknowledge that they have been properly and validly served with the Summons and Complaint in this action;

WHEREAS, the Parties have reached agreement for a full and final resolution of this action, the complete terms of which are set forth in a written settlement agreement, which provides for entry by the Court of a Final Judgment and a Permanent Injunction on the terms and conditions set forth herein (together the "Judgment and Permanent Injunction");

THEREFORE, the Parties, by and through their respective counsel, pursuant to the Joint Motion for Entry of Final Judgment, Order and Permanent Injunction, each stipulate to the entry of this Permanent Injunction in favor of Plaintiff, and the Court's continuing jurisdiction in respect thereof, according to the following terms,

IT IS HEREBY ORDERED:

1.   Defendants and their officers, agents, servants, employees, attorneys, any persons involved in the operation of the Websites, and any other persons in active concert or participation with any of them who receive actual notice of this Permanent Injunction, shall be, and hereby are, immediately and permanently enjoined and restrained from:

   a.   infringing, by any means, whether directly or indirectly, any of Nintendo's exclusive rights in any and all video games, video game systems, video game characters, musical works, sound recordings, audiovisual works or

other copyrighted works (or any portions or derivatives thereof), whether now in existence or later created, in which Nintendo owns or controls an exclusive right under Section 106 of the Copyright Act (17 U.S.C. § 106) or which are protected by state or common law and/or the copyright laws of other countries or territories (the "Copyrighted Works").  The foregoing prohibition shall include, but is not limited to, engaging in any of the following without prior express written consent, agreement, authority, or license from Nintendo:

    (i)    directly or indirectly copying, distributing (which shall include, without limitation, making a work available for distribution by placing the work in a computer file or folder that is accessible by others for downloading), uploading, linking to, transmitting, streaming, publicly performing, displaying, or otherwise exploiting any of the Copyrighted Works; and

    (ii)    directly or indirectly enabling, encouraging, facilitating, assisting, soliciting, or inducing any person or entity to (A) copy distribute, upload, link to, transmit, stream, publicly perform, display, or otherwise exploit any of the Copyrighted Works, or (B) make any of the Copyrighted Works available for copying distribution, uploading, linking to, transmitting, streaming, public performance, display, or other exploitation.

b.    Using, or inducing or enabling others to use, any reproduction, counterfeit, copy, or colorable imitation of Nintendo's trademarks, including (without limitation) those identified in Exhibit B of Nintendo's Complaint, in any manner in connection with the manufacture, printing, distribution, advertising, offering for sale or sale of any goods or merchandise, including the use of Nintendo's trademarks in connection with a website;

c.    Using, or inducing or enabling others to use, Nintendo's trademarks, including (without limitation) those identified in Exhibit B of

Nintendo's Complaint, or any reproduction, counterfeit, copy, or colorable imitation of said marks in any manner likely to cause others falsely to believe that Defendants' products or services are connected with Nintendo or legitimate Nintendo products bearing Nintendo's trademarks when they are not, including the use of Nintendo's trademarks in connection with a website;

    d.    Using, or inducing or enabling others to use, any reproduction, counterfeit, copy, or colorable imitation of Nintendo's copyrights, including those identified in Exhibit A of Nintendo's Complaint, in any manner in connection with the manufacture, printing, distribution, advertising, offering for sale or sale of any goods or merchandise, including the use of Nintendo's copyrights in connection with a website;

    e.    Copying, distributing, or otherwise using any portion of Nintendo's Copyrighted Works, or any portions or derivatives thereof, in any manner in the manufacture, assembly, distribution, advertisement, promotion, offering for sale, or sale of goods, services or merchandise;

    f.    Destroying, transferring, altering, moving, returning, concealing, or in any manner secreting any and all video games, video game files, and video game emulators (and any digital files comprising the same) in which Nintendo owns or controls intellectual property rights ("Nintendo materials") and were used in connection with the Websites, and all documents and records relating or referring in any way to those Nintendo materials in connection with the Websites; and

    g.    Unfairly competing with Nintendo.

2.    Without limiting the generality of any of the foregoing, absent prior express written consent, agreement, authority, or license from Nintendo, Defendants shall permanently cease and terminate all operation of the Websites, and any other website or system that Defendants (or any of them) own or control, directly or indirectly, that involve Nintendo materials.

3. In addition, Defendants must within 30 days of this Order:

    a. Provide to Nintendo every Nintendo video game, Nintendo video game file, and video game system emulator in Defendants' custody, possession or control, and ship or otherwise deliver all such materials to Nintendo for destruction, at Nintendo's expense; and

    b. Transfer, or cause the relevant domain name registrar to transfer, or to cooperate in the transfer by the domain name registrar to Nintendo, the ownership and control of the websites located at the URLs www.LoveROMs.com and www.LoveRETRO.co, with Nintendo paying any costs associated with such a transfer.

4. Defendants acknowledge and accept that their conduct in connection with the Websites constitutes direct and indirect copyright and trademark infringement and causes Nintendo irreparable injury for which remedies available at law are inadequate to compensate Nintendo. Considering the balance of the hardships between Nintendo and Defendants, a remedy in equity is warranted, and the permanent injunction set forth above is in the public interest.

5. This Court has jurisdiction over the parties and the subject matter of this action, and venue is proper in this Court. Defendants consent to the jurisdiction of this Court for the purpose of entering this Stipulation and Consent Order and Permanent Injunction.

6. Defendants irrevocably and fully waive notice of entry of the Final Judgment and this Order and Permanent Injunction, and notice and service of same as and when entered, and understand and agree that violation of the Judgment and/or this Order and Permanent Injunction will expose Defendants to all penalties provided by law, including for contempt of Court.

7. Defendants irrevocably and fully waive any and all right to appeal the Judgment and this Order and Permanent Injunction, to have them vacated, modified or

set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

8. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this Consent Judgment and Stipulated Order and Permanent Injunction. Plaintiff is not required to post any bond or security in connection with this Stipulated Order and Permanent Injunction, and Defendants have permanently, irrevocably, and fully waived any right to request a bond or security.

IT IS FURTHER ORDERED that Judgment be entered in this matter in accordance with the terms set forth above, and that the clerk be, and hereby is, directed to close this matter.

DATED this ___ day of _____, 2018.

_____
The Honorable Jennifer G. Zipps
UNITED STATES DISTRICT JUDGE